IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEY V. GONZALEZ,** | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| vs. | : | NO. 12-2536 |
| | : | |
| **MICHAEL WENEROWICZ, et al.,** | : | |
| Respondents | : | |

# O R D E R

**AND NOW,** this   15th   day of July, 2013, upon careful and independent consideration of the petition for writ of *habeas corpus*, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Document #11), IT IS HEREBY ORDERED that:

1. The petitioner's objections are OVERRULED as meritless;[1]

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The petition for writ of *habeas corpus* is DENIED with prejudice;

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of Court shall mark this case closed for all purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

[1] Judge Rice determined that the petitioner's first *habeas* claim, i.e., that his constitutional right to equal protection was violated by the Commonwealth's peremptory strike of a juror for race, had not been properly presented to the state courts, and was thus procedurally defaulted. The petitioner had, instead, presented the claim to the state courts only as an ineffective assistance of counsel claim. The petitioner objects to this determination, claiming that the "initial procedural default was cured in the State courts, and the Report needlessly employed review utilizing an ineffectiveness of counsel overlay." This objection is meritless. As Judge Rice found, this claim is procedurally defaulted because the petitioner never challenged the Commonwealth's striking of the juror at trial or during his direct appeal. Judge Rice properly treated the claim as a Sixth Amendment ineffectiveness claim rather than a procedurally defaulted Batson claim. Judge Rice carefully reviewed the transcripts of both the *voir dire* and the PCRA evidentiary hearing conducted in this case, and agreed with the state courts that trial counsel knew to be aware of Batson issues and that trial counsel properly accepted the race-neutral reasons provided by the prosecutor for his peremptory strike. Thus, I must agree with Judge Rice's finding that the state courts' denial of the petitioner's claim was not contrary to Strickland v. Washington, 477 U.S. 478 (1986).